# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA D. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:09-CV-00344-DGK |
| | ) | |
| SUN LIFE AND HEALTH | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S "RULE 60(b) MOTION TO RECONSIDER"

This case is an ERISA action brought by Plaintiff Pamela Porter following Defendant Sun Life and Health Insurance Company's denial of her application for long-term disability benefits. On April 20, 2011, this Court granted Sun Life's motion for summary judgment, holding that Porter was not covered by Sun Life's plan because her employer, Los Padres Mortgage Company, was not listed as a covered subsidiary on the "Request for Coverage" form submitted to Sun Life. On May 16, 2011, Porter filed her notice of appeal to the Eighth Circuit Court of Appeals.

Now before the Court is Porter's "Rule 60(b) Motion to Reconsider" (doc. 70). In it, Porter states that after filing her notice of appeal she noticed that the "Request of Coverage" form appears to be an application for accidental death and dismemberment benefits, not an application for long-term disability benefits as Defendant represented to the Court during the summary judgment briefing. Porter asks the Court to reconsider its summary judgment ruling so the Eighth Circuit will remand the case back to this Court.

The threshold question here is whether this Court still possesses jurisdiction. "As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all

issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (8th Cir. 2003). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Id.* A district court retains jurisdiction to deny a Rule 60(b) motion, because a denial is in furtherance of the appeal. A district court lacks jurisdiction to grant a Rule 60(b) motion. *Id.* at 1180. When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has instructed that a district court

> should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

*Id.*; *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

Assessing the merits pursuant to *Mahone v. Ray*, the Court holds that there are no exceptional circumstances here which weigh in favor of granting the extraordinary relief Porter seeks under Rule 60(b). Rule 60(b) permits a district court to amend or correct its judgment for a variety of reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, or "any other reason that justifies relief." A party moving for relief under the Rule must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995). And the Eighth Circuit has cautioned that "[e]xceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

Porter suggests there are exceptional circumstances here because "*Plaintiff believes* that Defendant provided the Court and the Plaintiff with an erroneous document" that was used to

2

determine that Porter was not covered under the Plan. (Emphasis added.) There are two problems with this argument. First, it is unclear what, if anything, the document proves. It could be, as Plaintiff suggests, the document is an application for accidental death and dismemberment benefits which wrongly was presented as an application for long-term disability benefits. Alternately, as Defendant suggests, the document could simply be a form indicating that Porter's employer wanted the supplemental life and accidental death portion of the policy to be contributory, which would evidence Defendant's overarching point that Porter's employer was not listed as a covered subsidiary on the application package. While the document is confusing, it is not a "smoking gun" that proves there was any mistake or fraud here. At most, the document begs the question about what kind of document it is and how the application process worked, something Plaintiff's counsel could have explored further during discovery. But the document does not create an exceptional circumstance.

The second problem with Porter's argument is that she fails to explain why her failure to question any discrepancy or conduct discovery somehow creates an exceptional circumstance which should be addressed by altering the judgment. Failing to conduct additional discovery on a document that, with the benefit of hindsight, reveals to have been crucial to the Defendant's defense, does not merit granting a Rule 60(b) motion.

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date:   September 13, 2011                       /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT